### In re EDWARDS EQUIPMENT COMPANY, Debtor.

#### Bankruptcy No. 84–01762–B.

United States Bankruptcy Court, W.D. Oklahoma.

March 5, 1985.

James S. Matthews, Jr., Oklahoma City, Okl., for Edwards Equipment Co.

Stephen J. Moriarty, Edwards, Roberts & Propester, Oklahoma City, Okl., for Borg-Warner Acceptance Corp.

## MEMORANDUM DECISION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter came on before the court on motion for abandonment and relief from the automatic stay, pursuant to 11 U.S.C. §§ 554(b) and 362, filed by Borg-Warner Acceptance Corporation (hereinafter "BWAC") against the debtor, Edwards Equipment Company (hereinafter "Edwards"), with respect to certain equipment of Edwards. Edwards responded, alleging that BWAC had not properly perfected its security interest and therefore Edwards possesses a superior interest in the subject equipment pursuant to 11 U.S.C. § 544(a).[1]

The sole issue present is whether BWAC possesses a valid security interest in the subject equipment. The facts are as follows:

Sometime in May of 1977, Edwards executed and delivered to BWAC a inventory security agreement for the purpose of obtaining financing through BWAC for the purchase of farm equipment, machinery and implements. BWAC's security interest in Edwards' "inventory" was properly perfected by BWAC's filing of a financing statement with the Oklahoma County Clerk on March 10, 1978 (recorded as financing statement # 065493). On May 25, 1978, financing statement # 065493 was amended to reflect a change in the debtor's name from "Edwards Equipment Company" to "Edwards Equipment Co., *Inc.*" (recorded as financing statement # 153465). Subsequently, financing statement # 065493 was timely extended by BWAC by the filing of a continuation statement (recorded as financing statement # 008040).

In opposition to the present motion Edwards posits that BWAC's original financing statement (# 065493) was not properly continued by the filing of a continuation statement (# 008040) and accordingly the original financing statement lapsed prior to the filing of the bankruptcy petition by Edwards. Therefore, runs the argument, Edwards has a superior interest in the subject equipment pursuant to 11 U.S.C. § 544(a).

The statute upon which Edwards rests its argument is 12A O.S. 1981 § 9–403(3): "[a]ny such continuation statement must be signed by the secured party, *identify the original statement by file number* and state that the original statement is still effective." (emphasis supplied). The continuation statement filed by BWAC complies with two of the three requirements of § 9–403(3). It does not comply with the emphasized language. The continuation statement refers to financing statement # 153465, which is the *amended* financing

---

**1.** Section 544, *inter alia*, grants the trustee, and the debtor-in-possession pursuant to 11 U.S.C. § 1107, the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition in bankruptcy.

statement. Edwards urges that the continuation statement is resultingly fatally defective.

As a starting point we feel obligated to note the purpose and rules of construction governing the Uniform Commercial Code, adopted in Oklahoma by 12A O.S. 1981 §§ 1–101 *et seq.* "This Act [the U.C.C.] shall be liberally construed and applied to promote its underlying purposes and policies." 12A O.S. 1981 § 1–102(1). The underlying purposes and policies are "to simplify, clarify and modernize the law governing commercial transactions; to permit the continued expansion of commercial practices through custom, usage and agreement of the parties; to make uniform the law among the various jurisdictions." *Id.* § 1–102(2). It has been said that one of the underlying purposes of the U.C.C. is "to liberalize ('de-technicalize') important branches of commercial law." J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code,* § 4 at 16 (2d ed. 1980). "The emphasis of the Uniform Commercial Code is ... on commercial realities rather than an corporate technicalities." *Matter of Glasco, Inc.,* 642 F.2d 793, 795 (5th Cir.1981). "[L]iberality has been extended to achieve equity." *In re Wayne's Olive Knoll Farms, Inc.,* 21 U.C.C.Rep.Serv. (Callaghan) 1210, 1211 (E.D.Cal.1976).

■ At the core, the present dispute concerns the effectiveness of a financing statement. The purpose of a financing statement is, of course, to provide creditors with notice of the existence of a security interest. The formal requisites of a financing statement are set forth at 12A O.S. 1981 § 9–402. Recognizing the concept of "commercial reasonableness", the U.C.C. provides a certain degree of latitude in complying with the formal requirements of § 9–402. "A financing statement substantially complying with the requirements of this section [§ 9–402] is effective even though it contains minor errors · which are not seriously misleading." § 9–402(8). It has been suggested that an interpretive difficulty arises when considering § 9–402(8),

namely, does subsection (8) contain two conditions or only one which the draftsmen have stated twice: are errors "not seriously misleading" *ipso facto* "minor errors"? Is it possible for an error which is not seriously misleading, be "major" and thus render a financing statement ineffective? *See, White and Summers, supra* § 23–16 at 954. We agree with the foregoing authors that subsection (8) cannot save a financing statement which contains major but not misleading errors.

It is upon § 9–402(8) which BWAC rests its argument that it possesses a perfected security interest. BWAC argues that as it substantially complied with the continuation requirements of § 9–403(3), any omission of one of the requirements may be "cured" by reliance on § 9–402(8). While numerous case law exists interpreting § 9–402(8) as it relates to financing statements, there is a dearth of case law standing for the proposition that subsection (8) may remedy defects in a continuation statement. In Oklahoma it is a question of first impression.

BWAC has cited the court *In re Barnes,* 15 U.C.C.Rep.Serv. (Callaghan) 956 (D.Me. 1974). The court in *Barnes* found that although § 9–403 does not contain a "harmless error" provision comparable to that in § 9–402(8), there is no good reason why minor errors of a formal nature in a continuation statement which are not seriously misleading should deprive a perfected security interest of continued perfection. The court further found that the liberal construction of the U.C.C. to promote its underlying notice-filing objectives warrants application of the "harmless error" test to continuation statements. This after the continuation statement at issue in *Barnes* satisfied just one of the three requirements of § 9–403(3).

We have already noted the purpose of a financing statement is to give notice to creditors. In this sense, a financing statement and its continuation statement are inextricably entwined. Accordingly the "minor and misleading error" test of subsection (8) "[m]ust be applied with a view to the ultimate objective of the notice filing

system...." *In re Raymond F. Sargent, Inc.,* 8 U.C.C.Rep.Serv. (Callaghan) 583, 590 (D.Me.1970). We must keep in mind, however, that the previously discussed liberality in interpretation of U.C.C. provisions "[w]as never intended to vitiate the beneficial effects of having a simple filing system for the benefit of both existing creditors and searchers of files." *Matter of Glasco, supra,* at 797.

■ The continuation statement at issue before us is (1) signed by the secured party; (2) states that the original financing statement between the parties is still effective and, (3) refers to the *amended* financing statement by number (# 153465). It does not reference the *original* financing statement (# 065493). However, the amended financing statement does refer to the original financing statement by number. Under these circumstances we cannot say that the original financing statement, the *sine qua non* of the "notice" concept, has been rendered ineffective by the continuation statement. A creditor searching the index for this particular debtor is assuredly provided with information sufficient to be "directed back" to the original financing statement. The cases cited by Edwards, both of which dealt with attempts to continue a financing statement by the filing of a second financing statement, are clearly distinguishable on their facts and therefore do not apply. We are further buttressed in our conclusion by § 9–402(4), which provides, "[i]n this article, [Article 9] unless the context otherwise requires, the term 'financing statement' means the original financing statement *and any amendments.*" (emphasis supplied).

We feel obligated to interject a brief comment with respect to the amended financing statement. This statement reflected a change in the name of the debtor from "Edwards Equipment Co." to "Edwards Equipment Co., *Inc.*" Neither party has addressed whether the status of the debtor as a legal *entity* was altered. For example, if the original financing statement was executed by the debtor doing business as a sole proprietorship, with the amendment to the financing statement reflecting a change in the debtor to that of a corporation, we have grave doubts as to whether the continuation statement, with its reference to the amended financing statement, would in our example continue to perfect a security interest in collateral listed on the original financing statement. We need not, however, decide this issue for there is no evidence before us to suggest that the status of Edwards as a legal entity was altered.

In *In re Continental Resources,* 43 B.R. 658 (Bankr.W.D.Okla.1984) we acknowledged the legal maxim that

> [a]lthough strict adherence to legal precepts may at times lead to harsh results, efforts by courts to fashion equitable solutions for mitigation of hardships experienced by creditors in the literal application of such precepts may produce the deleterious effect of reducing the degree of reliance the debtor-creditor arena should be, and must be, entitled to expect.

*Id.* at 664–65. Our holding today does not do violence to that statement.

Accordingly, for all the foregoing reasons, the continuation statement at issue is found to be sufficient and the security interest of BWAC held to be superior to that of Edwards. Pursuant to Bankr.R. 7052 the above constitute our findings of fact and conclusions of law.