In re VINCENT GAINES IMPLEMENT CO., INC. d/b/a Paul Gaines Implement Company, Debtor.

VINCENT GAINES IMPLEMENT COMPANY, INC. d/b/a Paul Gaines Implement Company, Plaintiff,

v.

UNITED STATES, Small Business Administration, Defendant.

Bankruptcy No. LR 86–30M.
Adv. No. 86–59M.

United States Bankruptcy Court, E.D. Arkansas, W.D.

Aug. 5, 1986.

Stephen L. Gershner, Davidson Law Firm, P.A., Little Rock, Ark., for debtor/plaintiff.

Katherine S. McGovern, Asst. U.S. Atty., Little Rock, Ark., A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for the U.S.

Michael Price, Small Business Admin., Little Rock, Ark., for Small Business Admin.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

Vincent Gaines Implement Company, Inc., filed a voluntary petition for relief under the provisions of chapter 11 on January 7, 1986. On February 11, 1986, the debtor-in-possession filed a complaint to determine the extent and validity of the lien of the Small Business Administration (SBA).

This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The Court has jurisdiction to enter a final judgment. The following constitutes the Court's findings of fact and conclusions of law as required by Bankruptcy Rule of Procedure 7052.

The facts were stipulated. On July 13, 1978, the SBA filed a financing statement with the Circuit Clerk of Prairie County, Arkansas, covering all equipment, fixtures, inventory and accounts receivable now owned or hereinafter acquired by the debtor-in-possession. A financing statement was also properly filed in the the office of the Secretary of State although the parties

did not stipulate the date the filing occurred.

On June 20, 1983, the SBA filed a continuation statement pursuant to Ark.Stat. Ann. § 85–9–403 (Cum.Supp.1980). The continuation statement was filed within six months prior to the expiration of the five year life of the original filing on July 13, 1978. The continuation statement was signed by the secured party and stated that the original filing was still effective. The continuation statement referred to the original filing by the erroneous document number, 577, instead of the correct number, 576.

■ A debtor-in-possession under chapter 11 has all of the rights and powers of a trustee. 11 U.S.C. § 1107(a). A debtor-in-possession, therefore, has the status granted a trustee under 11 U.S.C. § 544 of a judgment lien creditor whose lien is perfected under state law as of the commencement of the case. At the moment this petition was filed, the debtor-in-possession on behalf of unsecured creditors of the estate had a cause of action to avoid SBA's lien unless SBA's lien was perfected under state law prior to the petition. *In re Shuster*, 47 B.R. 920 (D.Minn.1985), *rev'd on other grounds*, 784 F.2d 883 (8th Cir.1986); 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1985).

■ The lender in this case is a federal lender, therefore, federal law governs the extent and validity of its lien. *United States of America v. Landmark Park & Associates*, 795 F.2d 683 (8th Cir.1986). However, the federal law adopts applicable state law "when the state law is derived from a uniform statute such as the Uniform Commercial Code and to do so would therefore not hinder the 'federal interest in uniformity of the law.'" *United States of America v. Landmark Park & Associates*, at 686, quoting *United States v. Kukowski*, 735 F.2d 1057, 1058 (8th Cir.1984).

■ Ark.Stat.Ann. § 85–9–403 (Cum. Supp.1985) provides in pertinent part:

(2) Except as provided in subsection (6) a filed financing statement is effective for a period of five [5] years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five [5] year period unless a continuation statement is filed prior to the lapse. If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of sixty [60] days or until expiration of the five-year period, whichever occurs later. Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

(3) A continuation statement may be filed by the secured party within six [6] months prior to the expiration of the five-year period specified in subsection (2). Any such continuation statement must be signed by the secured party, identify the original statement by file number and state that the original statement is still effective. A continuation statement signed by a person other than the secured party of record must be accompanied by a separate written statement of assignment signed by the secured party of record and complying with subsection (2) of Section 9–405 [§ 85–9–405], including payment of the required fee. Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five [5] years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) unless another continuation statement is filed prior to such lapse. Succeeding continuation statements may be filed in the same manner to continue the effectiveness of the original statement. Unless a statute on disposition of public records provides otherwise, the filing officer may remove a lapsed statement from the files and destroy it immediately if he has retained a microfilm or other photographic record, or in other

cases after one [1] year after the lapse. The filing officer shall so arrange matters by physical annexation of financing statements to continuation statements or other related filings, or by other means, that if he physically destroys the financing statements of a period more than five ■ years past, those which have been continued by a continuation statement or which are still effective under subsection (6) shall be retained.

Under Ark.Stat.Ann. § 85–9–403 (Cum. Supp.1985) there are four basic elements necessary for the proper filing of a continuation statement: (1) the filing must occur within six months prior to the expiration date of the original filing, (2) the continuation statement must be signed by the secured party, (3) the continuation statement must identify the original statement by file number, and (4) the continuation statement must state that the original statement is still effective.

The continuation statement filed by the SBA meets all of these requirements except the original document number was misstated by one number. The SBA argues that the "not seriously misleading" error concept which is codified in Ark.Stat. Ann. § 85–9–402(8) (Cum.Supp.1985) which addresses errors in financing statements should also apply to continuation statements.

There are no reported cases in Arkansas dealing with this issue. However, cases from other jurisdictions construing § 9–403 of the Uniform Commercial Code have adopted the concept that errors which are not seriously misleading do not render ineffective the filing of a continuation statement. *In re Barnes*, 15 U.C.C.Rep.Serv. (Callaghan) 956 (D.Me.1974); *In re Edwards Equipment Co.*, 46 B.R. 689 (Bkrtcy.W.D.Okla.1985) (applying U.C.C. § 9–402(8), the requirements of U.C.C. § 9–403 are met even though continuation statement references the amended financing statement rather than the original financing statement).

Financing statements are indexed by the Circuit Clerk according to the name of the debtor. Ark.Stat.Ann. § 85–9–403(4) (Cum.

Supp.1985). Even though a creditor would be referred by the continuation statement to the incorrect original filing, he would be placed on notice to inquire, and a search of the debtor index would immediately reveal the correct document number. The defect is not seriously misleading and is sufficient compliance with Arkansas law to render the filing effective. The lien of SBA is properly perfected and is not subject to avoidance by the debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 544.

IT IS SO ORDERED.