**In re Gary T. ADAM and Connie Adam, Debtors.**

**Phillip D. ARMSTRONG, Trustee of the Estates of Gary T. Adam and Connie Adam, Plaintiff,**

v.

**UNITED STATES of America, acting Through FARMERS HOME ADMINISTRATION, Defendant.**

**Bankruptcy No. 86–05546.**
**Adv. No. 88–7095.**

United States Bankruptcy Court,
D. North Dakota.

Feb. 6, 1989.

Phillip D. Armstrong, Minot, N.D., for Trustee.

Clare R. Hochhalter, Bismarck, N.D., for FmHA.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Chapter 7 trustee, armed with the avoiding powers of section 544 of the Bankruptcy Code, commenced the instant adversary proceeding on July 19, 1988, seeking to avoid Farmers Home Administration's (FmHA) security interest believed to be infirm by virtue of a continuation statement that failed to conform to the requirements of N.D.Cent.Code § 41–09–42(3) (U.C.C. § 9–403(3)). In issue are the cash proceeds stemming from the sale of the secured collateral including farm machinery and livestock. The parties have agreed that the issue as framed by the pleadings may be determined on stipulated facts, exhibits and briefs.

### Findings of Fact

FmHA perfected a security interest in the Debtors' livestock, supplies, farm equipment, inventory and other farm products by filing a UCC–1 financing statement on January 27, 1971, as document file number 143390. Effectiveness was properly continued by the filing of continuation statements on September 8, 1975, and

again on September 11, 1980. Both of these continuation statements refer to the original financing statement file number and the trustee does not challenge their validity.

On April 18, 1985, a third continuation statement was filed. However, instead of referring to the original financing statement by its filing number, it bore a file number referencing the 1980 continuation statement, to-wit: "This statement refers to original Financing Statement # *14851* filed with *Register of Deeds* Date Filed *9–11–80*". The 1980 continuation statement referred to by the 1985 continuation statement does contain the original financing statement file number as well as its filing date.

The Debtors filed for relief under Chapter 7 on June 19, 1986.

### Conclusions of Law

#### 1.

■ The effectiveness of a filed financing statement lapses upon the expiration of five years from the date of filing and the security interest becomes unperfected unless a continuation statement is filed prior to lapse. N.D.Cent.Code § 41–09–41(2) (U.C.C. § 9–402(2)). *In re Hilyard Drilling Co., Inc.*, 840 F.2d 596, 599 (8th Cir. 1988). N.D.Cent.Code § 41–09–42(3) (U.C.C. § 9–403(3)) provides:

> "A continuation statement may be filed by the secured party within six months prior to the expiration of the five-year period specified in subsection 2. Any such continuation statement must be signed by the secured party, identifying the original statement by file number, and state that the original statement is still effective ... Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five years after the last date to which the statement was effective...."

The trustee charges that FmHA's security interest lapsed because it failed to conform to U.C.C. § 9–403(3) requirements in several respects. First, that it does not recite the original Financing Statement file number and secondly, that it was filed ear-

lier than six months prior to the expiration of the original five-year period, as continued. FmHA argues that despite these perceived infirmities, the continuation statement substantially complies with the section 9–403(3) requirements and the infirmities ought to be regarded as "harmless error".

■ N.D.Cent.Code § 41–09–41(8) (U.C.C. § 9–402(8)) provides that a "financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading". Minor errors which are not seriously misleading will not invalidate a financing statement or continuation statement which otherwise is in substantial compliance with statutory requirements. The materiality of minor errors in a continuation statement becomes relevant only in those situations where the continuation statement, on its face, substantially complies with section 9–403(3). Compliance with this section requires that a continuation statement (1) be filed within six months prior to the expiration of the original filing; (2) contain the signature of the secured party; (3) identify the original statement by file number; (4) state that original statement is still effective. If any of the foregoing are obviously missing, then there is no substantial compliance and the omission is fatal to the continuation statement's effectiveness. In the case of *In re Hilyard Drilling Co., Inc.*, 60 B.R. 500 (Bankr.W.D.Ark.1986), *aff'd*, 74 B.R. 125 (W.D.Ark.1986), a secured creditor attempted to qualify a second financing statement as a continuation of an earlier financing statement. The court, noting the second financing statement failed to refer to the earlier financing statement, failed to state that the original financing statement was still effective and had not been filed within six months of the original financing statement, said that the second financing statement did not substantially comply with U.C.C. § 9–403(3) and thus could not come within the "harmless error" exception of section 9–402(8).

## 2.

■ Although the 1985 continuation statement in issue did not bear the original financing statement file number, it did bear the file number of the immediately preceding continuation statement which, in turn, bore file number as well as date of filing of the original financing statement. The reason for requiring a filing number reference is, of course, so that a party searching the record will be directed to the original financing statement. Several courts, considering erroneous file numbers on continuation statements, have held them to be nonetheless in substantial compliance with § 9–403(3) because the requisite notice is provided. In *In re Edwards Equipment Co.*, 46 B.R. 689, 692 (Bankr.E.D.Okla. 1985), the continuation statement bore the file number of an amended financing statement rather than the original. The amended financing statement did, however, refer to the original financing statement by the correct file number. The court, pointing to the "notice concept", held that the error was not misleading because, "a creditor searching the index for this particular debtor is assuredly provided with information sufficient to be directed back to the original financing statement." Similarly, in *In re Vincent Gaines Implement Co., Inc.*, 71 B.R. 14 (Bankr.E.D.Ark.1986), a continuation statement referencing the original financing statement by an erroneous file number was found to be not seriously misleading because a searcher coming upon the continuation statement would be placed on notice to search the debtor index whereupon the correct file number would be discovered. Indeed, the Eighth Circuit in its appellate decision in the *Hilyard* case, *supra*, intimated that so long as a continuation statement gives an indication that it was filed for the purpose of continuing an earlier financing statement and provides some linkage to the original, it is in substantial compliance with U.C.C. § 9–403(3) and the omission of the original file number is harmless error. *In re Hilyard Drilling Co., Inc.*, 840 F.2d at 600. Because the 1985 continuation statement clearly references the previous 1980 continuation statement which, in turn, contains a file number reference to the original financing statement, it does provide definite linkage to the original financing statement sufficient to put an inquiring searcher on notice. In this respect the 1985 continuation statement is in substantial compliance with U.C.C. § 9–403(3) and the incorrect file number is not seriously misleading.

## 3.

■ The original financing statement was filed on January 27, 1971, with subsequent continuation statements being filed on September 8, 1975, September 11, 1980, and April 18, 1985. FmHA asserts that the previous continuation statement would have expired on September 11, 1985, and hence its April 18, 1985, continuation was within six months of expiration. FmHA in making this argument misconstrues the statutory method for calculating the time period necessary for effective continuation statement filings. Section 9–403(3) requires that a continuation statement be filed within six months prior to the expiration of five years from the date of filing of the *original financing statement.* Succeeding continuation statements must be filed within six months prior to the expiration of the original financing statement as continued. Cases are uniform in holding that extension periods occasioned by continuation statements do not commence on the filing date of a prior continuation statement, but rather from conclusion of the initial five year financing statement period and the *end* of any subsequent five-year extension period. *Matter of Hubka*, 64 B.R. 473 (Bankr.D.Neb.1986); *In re Vermont Fiberglass, Inc.*, 44 B.R. 505 (Bankr. D.Vt.1984); *In re Davison*, 29 B.R. 987 (Bankr.W.D.Mo.1983). *See also:* Op.Atty. Gen.Montana, 40 Op. No. 60, 39 U.C.C.Rep. 709 (1984); Op.Atty.Gen.Iowa, Op. No. 73–5–6, 12 U.C.C.Rep. 1251 (1973); Op.Atty. Gen.North Carolina, 22 U.C.C.Rep. 266 (1977); Op.Atty.Gen.Iowa, Op. No. 74–025, 14 U.C.C.Rep. 360 (1974). To be effective, a continuation statement must be filed within the six-month time period prescribed by section 9–403(3). The requirement is unambiguous and renders a prematurely

filed continuation statement ineffective. *Matter of Hubka, supra; In re Hays,* 47 B.R. 546 (Bankr.N.D.Ohio 1985); *see generally* 1A Benders U.C.C.Code Serv. § 6C.06A[1] (Supp.1988). FmHA calculates the five year period from the date of the preceding 1980 continuation statement was filed which is incorrect. Commencing with the original financing statement filed January 27, 1971, each subsequent five-year period must be fully run out without regard to the filing date of intervening continuation statements. Thus, the original financing statement ran to January 27, 1976, continued by the September 8, 1975 continuation statement to January 27, 1981, and finally continued by the September 11, 1980 continuation statement to January 27, 1986. In order to effectively continue the financing statement beyond January 27, 1986, the continuation statement had to have been filed within six months preceding January 27, 1986, which is July 27, 1985. The April 28, 1985 filing was premature and clearly fails to meet one of the requirements of U.C.C. § 9–403(3). This failure cannot be overcome by resorting to U.C.C. § 9–402(8) because by this failure the continuation statement was not in substantial compliance with section 9–403(3). The effect of FmHA's failure to file its continuation statement within six months prior to the expiration of the original five-year period as run out by the 1975 and 1980 continuation statements renders it ineffective. *See Hilyard, supra.*

The Debtors' Chapter 7 petition was filed on June 19, 1986, and as of that date the trustee became vested with the status of a lien creditor with priority over any security interest that was unperfected as of that date. FmHA's security interest was unperfected on June 19, 1986, because the effectiveness of its financing statement lapsed on January 27, 1986, due to its failure to file its continuation statement in conformity with U.C.C. § 9–403(3).

Accordingly, the trustee has a first lien in the Debtors' livestock, supplies, farm equipment, inventory and other farm products which is paramount to the interest of FmHA which is unperfected and avoided. Further, that the trustee, in consequence of his priority position, shall be entitled to possession of all collateral and the proceeds thereof.

JUDGMENT MAY BE ENTERED ACCORDINGLY.

SO ORDERED.