BANQUE WORMS, Appellant,

v.

DAVIS CONSTRUCTION COMPANY, INC.; Dollar Branch Coal Corporation; and Big Oak Coal Company, Appellees.

No. 91–CA–172–MR.

Court of Appeals of Kentucky.

May 29, 1992.

F. Allen Lewis, Pineville, for appellant.

Karen Greene Blondell, Middlesboro, for Davis Const., Inc.

J.P. Cline III, Middlesboro, for Dollar Branch Coal Corp., and Big Oak Coal Co.

Before GUDGEL, HUDDLESTON and McDONALD, Judges.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Bell Circuit Court. The issues are whether appellant's filing of a continuation statement prematurely caused the effectiveness of an underlying financing statement to lapse at the expiration of the statement's initial five-year duration and, if so, whether appellee Davis Construction Company, Inc. (Davis), acquired title to a certain rock truck free and clear of appel-lant's unperfected security interest in the vehicle. The court below found in the affirmative as to each issue. We agree. Hence, we affirm.

The relevant facts in this appeal are undisputed. Appellant, a New York bank, lent $11,750,000 to appellees Dollar Branch Coal Corporation and Big Oak Coal Company. As security for this debt the mining companies executed in favor of appellant a security agreement which covered certain mining equipment including a Euclid R–25 rock truck. On October 12, 1982, appellant perfected its security interest in the vehicle for a five-year period by filing a financing statement with the Harlan County Clerk. On April 10, 1987, appellant filed with the clerk a continuation statement which sought to extend the effective period of its financing statement for an additional five-year period. KRS 355.9–403(3).

On November 23, 1987, without appellant's consent, the mining companies sold the R–25 rock truck to Davis in satisfaction of an indebtedness of $36,192. After acquiring a bill of sale to the truck and learning of appellant's interest, Davis filed this action seeking an adjudication that it is vested with a clear title to the vehicle. The court adjudged that appellant's security interest in the truck was unperfected on the date it was transferred to Davis and hence, that Davis acquired a clear title to the vehicle. This appeal followed.

First, appellant argues that the court erred by finding that appellant's security interest in the truck was unperfected on the date that the truck was transferred to Davis. We disagree.

KRS 355.9–403 provides in pertinent part as follows:

(2) ... a filed financing statement is effective for a period of five (5) years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five (5) year period unless a continuation statement is filed prior to the lapse.... If the security interest becomes unperfected upon lapse, it is deemed to have been unper-

fected as against a person who became a purchaser or lien creditor before lapse.

(3) A continuation statement may be filed by the secured party within six (6) months prior to the expiration of the five (5) year period specified in subsection (2) of this section.... Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five (5) years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) of this section unless another continuation statement is filed prior to such lapse.

This statute provides, in effect, that if a security agreement which retains a security interest in collateral has been perfected by the filing of a financing statement, the statement lapses at the expiration of a five-year period unless a continuation statement is filed prior to the lapse. Further, if the security interest becomes unperfected by lapse, it is deemed to have become unperfected as against a person who became a purchaser before the lapse. To be timely, a continuation statement must be filed within six months prior to the expiration of the five-year period during which the original financing statement is effective. Only if the continuation statement is timely filed is the effectiveness of the original financing statement continued.

Here, it is uncontroverted that appellant's continuation statement was filed with the clerk on April 10, 1987, which was six months and two days before the expiration of the financing statement's five-year effective period. Because the continuation statement was not filed within six months prior to the lapse of the financing statement's effective period, appellant's security interest in the rock truck became unperfected on October 12, 1987, which was five years after the date on which the financing statement was filed. KRS 355.9–403(3).

Appellant argues, however, that KRS 355.1–102 requires us to construe the provisions of the code liberally and in a manner which promotes its underlying policies and purposes, including those of protecting secured creditors from unauthorized transfers of collateral and providing appropriate remedies when such transfers occur. According to appellant, the literal application of the provisions of KRS 355.9–403(3) in a case such as this defeats this purpose. This is especially egregious, appellant argues, because the portion of KRS 355.9–403(3) regulating the filing of continuation statements is only intended to serve as a housekeeping measure to allow county clerks to refuse to accept premature continuation statements and thereby avoid cluttering their files with useless papers.

Appellant acknowledges that there is no Kentucky authority which supports its position that a continuation statement which is filed prematurely nevertheless extends the effectiveness of a financing statement for an additional five-year period. Appellant relies instead upon the writings of certain expert commentators in this field. Specifically, appellant quotes the following paragraph from page 747 of D. Leibson & R. Nowka's treatise, *The Uniform Commercial Code of Kentucky* § 8.3(E) (1983):

Suppose a secured party files a continuation statement more than six months before the effectiveness of the financing statement lapses. Is such a filing timely? Strictly speaking, section 9–403(3) does not allow such filing. We see no reason to invalidate the continuation statement and article 9 provides none. The continuation statement prematurely filed provides the same notice to interested persons as one "timely filed."

Moreover, he quotes the following paragraph from page 587 of G. Gilmore's treatise, *Security Interests in Personal Property* (1965):

It is unfortunate that Section 9–403(3) adds to the provision for refiling within the six-month period prior to lapse the suggestion that only "timely filing" of the continuation statement is effective to preserve the original filing.... It is to be hoped that the Courts will refuse to pick up this inference from what was undoubtedly no more than a drafting inadvertence. Surely, if a secured party files a continuation statement before the permissible time, if the statement is received and placed on file, if the means of

acquiring notice are available to all creditors, there is no conceivable reason why so harmless an error should lead to the invalidation of the security interest. The provision for limiting refiling to the last six months of the original filing period should be taken merely as a device to avoid cluttering the files with useless papers; its only effect should be as an authorization to the filing officer to refuse to accept continuation statements which are prematurely presented to him.

At first blush, the reasoning expressed by these expert commentators is appealing. The courts, however, have consistently rejected this line of thought.

The issue as to whether a prematurely-filed continuation statement is valid first arose in 1975. In *In re Callahan Motors, Inc.*, 396 F.Supp. 785, 17 UCC Rep.Serv. 273 (D.N.J.1975), *rev'd on other grounds*, 538 F.2d 76 (3d Cir.1976), the court held that a continuation statement which was filed almost three years early was invalid. The court reasoned that although KRS 355.1–102(1) requires the code to be construed liberally, the statute cannot be employed to overlook and defeat the clear and unambiguous statutory requirement as to timely filing which is imposed by § 9–403(3). *Callahan, supra*, was subsequently cited with approval and followed in *In re Hays*, 47 B.R. 546, 41 UCC Rep.Serv. 1484 (Bankr.N.D.Ohio 1985), and in *In re Vermont Fiberglass, Inc.*, 44 B.R. 505, 40 UCC Rep.Serv. 1140 (Bankr.D.Vt.1984). Further, in *In re Hubka*, 64 B.R. 473, 2 UCC Rep.Serv.2d 740 (Bankr.D.Neb.1986), the reviewing court specifically quoted and discussed Professor Gilmore's statement that the filing of a premature continuation statement should not have the effect of invalidating the statement. In rejecting this view, the court stated:

It is obvious to this court that the commentators don't think the law should mean what it says. However, the matter has been discussed enough times by the attorneys general of various states and by enough courts, that if the legislatures of the various states and the drafting committee of the Uniform Commercial Code wanted to change the plain language of the statute, there has been plenty of time to do it. Since it has not been changed, this court interprets the language to be mandatory and finds that a filing of a continuation statement outside the last six months of life of a financing statement causes the perfection of a security interest to lapse.

This issue recently was revisited in *In re Adam*, 96 B.R. 249, 7 UCC Rep.Serv.2d 1291 (Bankr.D.N.D.1989), and in *In re Rainbow Manufacturing Co.*, 129 B.R. 702, 15 UCC Rep.Serv.2d 704 (Bankr. M.D.Ga.1991). Once again, both courts rejected the commentators' view and applied the rule first enunciated in *Callahan, supra*. Indeed, we have been unable to find any judicial authority which declines to follow the *Callahan* rule; instead, the courts have uniformly followed the rule despite the commentators' criticism of it.

Our legislature adopted a significant number of amendments to the Kentucky version of the Uniform Commercial Code in 1986 and 1988. Although the extensive 1986 changes included amendments to KRS 355.9–403(2) and (3), the legislature did not see fit to amend that statute respecting the premature filing of continuation statements. Obviously, had the members of the legislature or the other persons who were concerned with the adoption of the comprehensive amendments believed that the courts had adopted an improper rule governing the premature filing of financing statements, they would have taken that opportunity to amend our statute and eliminate the problem. Because they failed to make such amendments, we conclude that the legislature intended that there should be a mandatory duty imposed upon any secured creditor to file a continuation statement within six months prior to the expiration of the five-year period during which a given financing statement is effective. Consistent with the *Callahan* rule, therefore, we hold that appellant's continuation statement was invalid because it was not filed within the six-month period dictated by KRS 355.9–403(3). Hence, appellant's underlying security interest in the rock

truck had lapsed and was unperfected on the date Davis acquired title to the vehicle.

■ Next, we must determine whether Davis acquired a title to the rock truck which is free and clear of appellant's unperfected security interest in the vehicle. The court adjudged that it did. We perceive no error in this ruling.

True enough, KRS 355.9–201 states that except as otherwise provided, a security agreement is effective against purchasers of the collateral. If the security agreement is unperfected, however, the agreement is subordinate to the rights of certain specified persons. KRS 355.9–301. Among the persons protected is a purchaser who is not a secured party and who is not a buyer in the ordinary course of business, to the extent that the purchaser "gives value and receives delivery of the collateral without knowledge of the security interest and before it is perfected." KRS 355.9–301(1)(c). Appellant acknowledges that for purposes of this statute Davis (1) is not a secured party, (2) did not buy the truck in the ordinary course of business, and (3) gave value for the truck. However, appellant contends that Davis is not entitled to avail itself of the protection afforded by KRS 355.9–301(1)(c) because Davis is chargeable with constructive knowledge of the unperfected security interest since both the financing statement and the continuation statement respecting the truck were on file in the Harlan County Clerk's office. We are constrained to disagree.

The general definition section of the code states that a person "knows" or has "knowledge" of a fact when he or she has actual knowledge of it. KRS 355.1–201(25). Actual knowledge is not defined as including the concept of constructive knowledge. For purposes of KRS 355.9–301(1)(c), therefore, Davis cannot be deemed to have had knowledge of appellant's security agreement merely because it arguably should have known of it. Since appellant's security agreement was unperfected and it is undisputed that Davis acquired the rock truck under circumstances described in KRS 355.9–301(1)(c) without actual knowledge of the security interest, the court did not err by adjudging that Davis' interest in the vehicle is superior to appellant's.

The court's judgment is affirmed.

All concur.